FILED
3/9/2021 2:54 PM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. 21-0554

| | | |
|---|---|---|
| ANGELITA LANGLEY | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HAYS COUNTY, TEXAS |
| | § | |
| SALVADOR RAMIREZ | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Angelita Langley ("Plaintiff") files this Original Petition and Jury Demand complaining of Defendant Salvador Ramirez ("Defendant") and for Plaintiff's causes of action respectfully pleads as follows:

### DISCOVERY CONTROL PLAN

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3 of TEX. R. CIV. P. 190. Plaintiff reserves the right to alter this plan as the discovery and facts require.

### PARTIES

2. Plaintiff is a resident of Hays County, Texas.

3. Defendant is an individual residing in Texas at the time of the incident. Citation may be served on Defendant by serving him at his current residence at 1111 Coffelt Avenue, Bettendorf, Iowa 52722, or wherever he may be located.

### JURISDICTION

4. The Court has *in personam* jurisdiction over Defendant because Defendant was working in the state of Texas at the time of the incident.

5. The Court has subject matter jurisdiction over this case because Plaintiff has been injured and the resulting damages are of an amount within the jurisdictional limits of the Court.

6. Pursuant to Texas Rule of Civil Procedure 47(c), at this early stage in the litigation, Plaintiff affirmatively pleads that Plaintiff seeks monetary relief over $1,000,000.00.

## VENUE

7. Venue is proper in Hays County, Texas because it is the county in which the incident giving rise to Plaintiff's claims occurred.

## FACTUAL ALLEGATIONS

8. On October 2, 2020, Plaintiff sustained bodily injuries hereinafter described as the direct and proximate result of the negligence of Defendant.

9. On October 2, 2020, Defendant failed to control his vehicle, failed to keep a proper lookout, and failed to act as a reasonable person in the same or similar circumstances and, as a result of these failures, the collision at issue occurred.  The liability of Defendant is clear and to assert otherwise is contrary to existing evidence.

10. Plaintiff's damages as a result of this collision were and are significant.  From a medical standpoint, Plaintiff suffered severe injuries to her neck, back and other parts of her body.  At the time of filing, Plaintiff is still undergoing medical treatment for the injuries she sustained as a result of the collision.

## NEGLIGENCE

11. Defendant had a duty to act as a reasonable person would in the same or similar circumstances. Defendant breached this duty and was negligent when he decided to operate his vehicle in an unsafe manner, failed to control his vehicle, and failed to keep a proper lookout. Each of these acts and omissions, whether taken singularly or in any combination, constitutes an act or acts of negligence, all of which proximately caused the collision and the damages sustained by Plaintiff.

## DAMAGES

12. Defendant's negligence was the direct and proximate cause of the injuries and damages suffered by Plaintiff, which include but are not limited to the following:

    a. Physical pain and suffering in the past and future;
    b. Mental anguish in the past and future;
    c. Disfigurement in the past and future;
    d. Physical impairment in the past and future;
    e. Medical expenses in the past and future;
    f. Past and future lost wages;
    g. Loss of earning capacity in the past and future; and
    h. Loss of household services in the past and future.

13. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the Court.

## JURY DEMAND

14. Plaintiff hereby demands a jury trial and has tendered the requisite fee.

## PRAYER

Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and upon final hearing of this cause, Plaintiff recover a judgment against Defendant for the following:

    a. Physical pain and suffering in the past and future;
    b. Mental anguish in the past and future;
    c. Disfigurement in the past and future;
    d. Physical impairment in the past and future;
    e. Medical expenses in the past and future;
    f. Past and future lost wages;
    g. Loss of earning capacity in the past and future;
    h. Loss of household services in the past and future;
    i. Pre-judgment and Post-judgment interest;
    j. Costs of Court; and
    k. Any and other further relief at law or in equity to which it is shown Plaintiff is justly entitled to receive.

Respectfully submitted,

SUTLIFF & STOUT, PLLC

By: */s/ Graham E. Sutliff*
      Graham E. Sutliff
      State Bar No. 24046935
      gsutliff@sutliffstout.com
      Matthew Ploeger
      State Bar No. 24032838
      matthew@sutliffstout.com
      Leigh A. Joseph
      State Bar No. 24060051
      ljoseph@sutliffstout.com
      3600 Bee Cave Road, Suite 102
      Austin, Texas 78746
      (512) 616-2222
      (713) 987-7115 (Fax)

**ATTORNEYS FOR PLAINTIFF**